# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT MICHAEL ARTEAGA | § | |
| | § | |
| V. | § | A-19-CV-512-LY |
| | § | |
| BURNET COUNTY COMMISSIONERS | § | |
| COURT, et al. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Defendants removed this action from state court and move to dismiss the case. Plaintiff did not file a response.

## STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Polunsky Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. He complains of the conditions of his confinement in the Burnet County Jail in 2013. He additionally complains of an Order to Withdraw Funds issued by a Burnet County judge in November 2018 which the clerk of court mailed to the TDCJ - Inmate Trust Fund Department for collection. Defendants move to dismiss as time-barred Plaintiff's claims regarding his 2013 confinement. Defendants further move to dismiss Plaintiff's claim regarding the Order to Withdraw for failure to state a claim upon which relief can be granted.

## DISCUSSION AND ANALYSIS

A. <u>Standard Under Rule 12(b)(6)</u>

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts "must consider" the complaint, as well as other

sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

B. Statute of Limitations

There is no federal statute of limitations for § 1983 actions. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991), *cert. denied*, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir . 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski*, 51 F.3d at 516.

Plaintiff's claims regarding the conditions of his confinement accrued in 2013. Plaintiff did not file his complaint until 2019, long after the expiration of the limitations period. Accordingly, Plaintiff's claims regarding the conditions of his confinement are time-barred.

C. Order to Withdraw Funds

Plaintiff complains Burnet County District Clerk, Casie Walker, unconstitutionally imposed a bill of cost or assessed fees and sent them out to the Texas Department of Criminal Justice - Correctional Institutions Division with instructions to withdraw from the plaintiff's trust fund account. Plaintiff alleges he was not provided notice or a hearing before the order was issued, and

as a result, he was denied due process. The Order to Withdraw Funds attached to Plaintiff's complaint indicates Plaintiff owes $115,314.00 for court costs, fees and/or fines and/or restitution.

In Texas, "[o]n notification by a court, the [Texas Department of Criminal Justice] shall withdraw from any inmate's account any amount the inmate is ordered to pay by order of the court." TEX. GOV'T CODE ANN. § 501.014(e). Under Texas law, a withdrawal notification "is not an 'order' in the traditional sense of a court order, judgment, or decree issued after notice and hearing in either a civil or criminal proceeding." *Palomo v. State*, 322 S.W.3d 304, 305 & n. 1 (Tex. App. 2010) (*per curiam*); *see also Harrell v. State*, 286 S.W.3d 315, 316 n. 1 (Tex. 2009) (recognizing that section 501.014(e) "describes the trigger as 'notification by a court' " rather than order by a court (emphasis added)). Inmates are accorded constitutional due process when they receive notice of the withdrawal and an opportunity to contest the dollar amount and statutory basis of the withdrawal through filing a motion to rescind or modify the withdrawal order. *Harrell*, 286 S.W.3d at 321. Accordingly, Plaintiff fails to state a valid claim for violation of due process.

## RECOMMENDATION

It is therefore recommended that Defendants' Motion to Dismiss be granted, Plaintiff's claims regarding his conditions of confinement be dismissed with prejudice as time-barred and Plaintiff's claims regarding the Order to Withdraw Funds be dismissed with prejudice for failure to state a claim upon which relief can be granted.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any

4

other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 27th day of June, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE